UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CASE NO. 5:23-CV-5-KKC

SOUTH ELKHORN VILLAGE,
LLC,                                                                                                          PLAINTIFF,

v.                                              **OPINION AND ORDER**

CITY OF GEORGETOWN, *et al.*,                                                            DEFENDANTS.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on a motion to dismiss (DE 15) filed by Georgetown Municipal Water and Sewer System (GMWSS); Les Jarvis, Glen Williams, Lewis Wolfe, Jason Baird, and Jeff Klocke (collectively, the "Commissioners"); and Chase Azevedo (all together, "GMWSS Defendants"). This matter is also before the Court on a motion to dismiss (DE 17) filed by the City of Georgetown (the "City"). For the following reasons, the Court will grant the motions.

**I.        FACTUAL ALLEGATIONS.**

In 2017, South Elkhorn Village, LLC ("SEV") purchased roughly 1.441 acres of undeveloped land (the "Property") and negotiated a 30-year ground lease based on the assumption that it would be able to gain sewer access for the Property. (DE 1 at 4.) A recorded Subdivision Plat for the Property included a "Certification of the Available Capacity for Sewer Service," which was dated June 28, 1994 and signed by GMWSS's general manager at that time. (*Id.* at 5.) A Consolidation and Subdivision Plat that "denot[ed] that the plat complied with the Subdivision and Development Regulations for Georgetown and Scott County" was later recorded on October 3, 2005. (*Id.*) This type of plat "cannot be approved by the [Georgetown-Scott County Joint] Planning Commission without confirmation from GMWSS

1

that it has the capacity to service a new sewer connection. (*Id.* at 6.)

In February 2021, GMWSS created and implemented a new manual (the "Manual") establishing "a set of definitions, submittal requirements, design standards, approval procedures, and construction standards to be used in the planning design, and construction of infrastructure projects within the [GMWSS] service areas." (*Id.* at 7.) The Manual outlined the new approval process for water and sewer service requests, which included the consideration of requests in the order they were received and approval required by the GMWSS Board of Commissioners ("Commissioners"). (*Id.* at 8.) These new guidelines explained that plat certifications of sewer service before February 17, 2021 would "no longer be honored" without a new availability request and approval by the Commissioners. (*Id.*)

After SEV had negotiated the ground lease on the Property, it contacted GMWSS to ask about establishing the sewer service connection. (*Id.*) SEV subsequently followed the Manual's instructions and submitted an availability request for sewer service. (*Id.* at 9.) SEV was informed by a GMWSS representative that the request had been received and it would be added to "[GMWSS's] waiting list for capacity at Wastewater Treatment Plant #1." (*Id.*) When following up on the pendency of its availability request, SEV alleges that Defendant Azevedo "made it clear that SEV's request would not be approved" and "blamed vague issues with GMWSS's sewer capacity as grounds for withholding approval." (*Id.*) SEV made a formal demand that GMWSS approve its availability request on September 16, 2022. (*Id.*)

Over a month later, a GMWSS attorney responded to SEV's demand and stated that Commissioners did not take any action regarding its availability request. (*Id.*) However, the correspondence also stated that "GMWSS will maintain your client's request to connect to the sanitary sewer system in the queue, and will consider it in the order it was received for similar developments when there is adequate capacity to treat additional discharges." (*Id.*) As far as the Court has been informed, GMWSS has not issued a formal ruling on SEV's availability

2

request or established a sewer service connection on the Property.

SEV filed this action on January 13, 2023 and asserted claims against GMWSS, GMWSS's Manager and Commissioners in their individual and official capacities, and the City. (DE 1.) These claims include: (1) declaratory and injunctive relief; (2) inverse condemnation; (3) a Takings Clause violation under 42 U.S.C. § 1983; a violation of KRS § 100.285; and (5) negligence. (*Id.*) Both GMWSS Defendants and the City responded with respective motions to dismiss on various grounds. (DEs 15, 17.) Now that the motions are ripe for review, it will now address the Defendants' arguments as they apply to each of the Plaintiff's claims.

## II. ANALYSIS.

### A. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).

The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009). While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555.

### B. Ripeness of the 42 U.S.C. § 1983 Takings Claims

Defendants move for the dismissal of SEV's § 1983 claims on multiple grounds. They

3

argue that: (1) the claims are not ripe; (2) the claims are time-barred by the statute of limitations; (2) the claims are improper against individual defendants; (4) legislative immunity applies; and/or (5) qualified immunity applies. Because the § 1983 claims are not ripe, the Court must dismiss them.

The doctrine of ripeness in land use cases requires that the relevant local agency issue a final decision before it is judicially reviewable. *Knick v. Township of Scott, Pennsylvania*, 139 S.Ct. 2162, 2169 (2019) (overruling *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985)). It is the plaintiff's burden of showing that the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue. *Miles Christi Religious Order v. Township of Northville*, 629 F.3d 533, 538 (6th Cir. 2010). Exceptions exist to this rule, however. A property owner is excused from obtaining a final decision when the parties have reached an impasse and further proceedings would not be productive. *Bannum, Inc. v. City of Louisville*, 958 F.2d 1354, 1362–63 (6th Cir. 1992) (quotation marks omitted). A state also may not impose repetitive or unfair land-use procedures in order to avoid a final decision. *Palazzolo v. Rhode Island*, 533 U.S. 606, 621 (2001).

The Sixth Circuit in *Bannum* explained that "the position of the parties [must be] defined" in cases of an impasse and that they "do not want to encourage litigation that is likely to be solved by further administrative action[.]" *Bannum*, 958 F.2d at 1362. They also stated that they "do not want to put barriers to litigation in front of litigants when it is obvious that the process down the administrative road would be a waste of time and money." *Id.*

The Court finds that neither exception applies to the current action. Despite SEV's assertion that it and GMWSS are at an "impasse" and further proceedings would not be productive, the opposite is true. Further proceedings *would* be productive because that would lead to SEV receiving a final agency decision regarding the sewer-service connection. SEV, in

4

fact, concedes that a final agency decision has not been issued in this matter. SEV takes issue with the fact that, in accordance with GMWSS's guidelines, its application is queued behind other applications and that the Property's 20-year-old sewer certification was revoked. SEV's Complaint may describe GMWSS's conduct as a "denial of sewer access," but such a description does not make it true. (DE 1 at 8.) None of the communications described in the complaint amount to a final agency decision that would create justiciability at this time. Even if Defendant Azevedo "made it clear that SEV's request would not be approved," Azevedo is not one of the Commissioners who decides the availability requests and SEV was subsequently told by a GMWSS attorney that its request is still in the queue and would be "consider[ed] . . . in the order it was received . . . ." (DE 1 at 9.)

SEV has not alleged enough to support a claim that GMWSS or the Commissioners have unreasonably delayed the approval process for sewer service, nor has it sufficiently alleged that the Commissioners have acted in bad faith in the approval process. Further, SEV has not alleged that the queue for sewer-service approval is not moving. SEV has not alleged that other applications were being placed ahead of its own in the approval queue. SEV also fails to allege anything about the Commissioners' timeline and how long an approval generally takes. As the Court understands it, SEV takes issue that service is not being immediately granted despite GMWSS's guidelines regarding the approval process. The Court understands SEV's frustration in this matter; however, mere frustration does not create a final agency decision where there is not one, nor does it create futility that could bypass the finality requirement. Accordingly, the Court must dismiss SEV's § 1983 Takings Clause claims because they are not ripe for judicial review.

### C.      42 U.S.C. § 1983 Due Process Claims

In regard to SEV's § 1983 claims arising out of the Fourteenth Amendment, the Court must dismiss those claims because SEV does not have a protected property interest in the

5

Property's now-revoked sewer certification. The Sixth Circuit has previously found that "an entitlement under state law to water and sewer service [does] not constitute a protectable property interest for purposes of substantive due process." *Mansfield Apartment Owners Ass'n v. City of Mansfield*, 988 F.2d 1469, 1476 (6th Cir. 1993) (citing *Ransom v. Marrazzo*, 848 F.2d 398, 411–12 (3d Cir. 1988) ("The provision of water and sewer services, whether by a municipality or by a private utility company, is not . . . a federally protected right . . . . [Service] does not transform the expectation into a substantive guarantee against the state in any circumstance.")). Accordingly, the Court dismisses SEV's § 1983 claims arising out of the Fourteenth Amendment's Due Process Clause.

### C.  Remaining Federal Claims

SEV brings this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, invoking federal question jurisdiction for its claims under the Fifth Amendment and Fourteenth Amendment and supplemental jurisdiction for the rest of its claims. (DE 1 at 4.) However, neither remaining federal claim can survive the motions to dismiss.

SEV's federal inverse condemnation claims cannot provide subject-matter jurisdiction in this case. The Court agrees that inverse condemnation actions are state creations. *See Knick v. Township of Scott, Pennsylvania*, 139 S.Ct. 2162, 2168 (2019) ("Pennsylvania, like every other State besides Ohio, provides a state inverse condemnation action."). The Sixth Circuit has long held that § 1983 provides the exclusive remedy for federal constitutional violations under color of state law. *Smith v. Kentucky*, 36 F.4th 671, 676 (6th Cir. 2022); *see also Foster v. Michigan*, 573 F.App'x 377, 391 (6th Cir. 2014). As such, the Court must dismiss SEV's federal inverse condemnation claims because § 1983 is the appropriate venue to redress the alleged constitutional violations. And the Court has already explained that § 1983 claims are not ripe in this action until a final agency decision is made.

Further, SEV's claim for declaratory relief cannot provide subject-matter jurisdiction.

6

The Declaratory Judgment Act provides that: "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "But § 2201 does not create an independent cause of action. *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)). A federal court must therefore "have jurisdiction already under some other federal statute" before a plaintiff can "invoke[e] the Act." *Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007). SEV's claim for declaratory relief cannot stand on its own if its federal question claims have been dismissed.

### D. Remaining State Law Claims

"[S]ubject matter jurisdiction may be raised sua sponte at any juncture because a federal court lacks authority to hear a case without subject matter jurisdiction." *Klepsky v. United Parcel Service, Inc.*, 489 F.3d 264, 268 (6th Cir. 2007) (quoting *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990)). Further, "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). The rest of SEV's claims are rooted largely in state law.

District Courts have broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims. *Pinney Dock & Transport Co. v. Penn Cent. Corp.*, 196 F.3d 617, 620 (6th Cir. 1999); *see also Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209–12 (6th Cir. 2004) (noting that discovery not being complete weighs in favor of dismissal). When all federal claims are dismissed before trial, the considerations usually point towards dismissal or remand. *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010). Here, discovery has not begun in this action and the Court has found that SEV's federal question claims are not yet ripe. Accordingly, the Court will dismiss the rest of SEV's claims without prejudice because all

7

federal questions over which it had original jurisdiction have been dismissed.

### III. CONCLUSION.

For the aforementioned reasons, the Court hereby GRANTS the Defendants' Motions to Dismiss (DEs 15, 17) as follows:

1) SEV's Takings Clause claims are DISMISSED WITHOUT PREJUDICE for a lack of ripeness;

2) SEV's Due Process claims are DISMISSED WITHOUT PREJUDICE for a failure to alleged a protected property interest;

3) SEV's remaining state law claims are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367(c)(3); and

4) the Court will enter a judgment consistent with this opinion.

This 25th day of March, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

8